## Mullin's Appeal.

If a sheriff's return does not show that he summoned twelve substantial freeholders to serve as a jury, an averment in the magistrate's record that the jurors were twelve substantial freeholders raises the presumption that there was sufficient evidence to correct the omission in the sheriff's return.

The substitution by a sheriff of another freeholder in place of one summoned to serve as a juror but who failed to appear at the trial is not such an irregularity as to invalidate the proceedings.

(Decided April 5, 1886.)

Certiorari to the Magistrate's Court, No. 7, of Philadelphia County. Affirmed.

This was a proceeding under the act of March 21, 1772, commenced by James Gallagher, administrator *de bonis non cum testamento annexo* of Francis Gallagher, deceased, to require Daniel D. Mullin to remove from and leave certain premises which he had leased from the estate of Gallagher.

The magistrate commanded the sheriff that he summon twelve substantial freeholders to serve as jurors, and the sheriff made the following return:

I hereby certify and return that I have summoned twelve good and lawful men of my bailiwick to be and appear at the time and place within named, and that I have also summoned Daniel D. Mullin, the defendant in possession of the premises within described, by leaving, May 8, 1885, a true and attested copy of the within writ, at his dwelling house, with an adult member of his family.

The jury were called and, one not answering, the deputy sheriff asked a bystander to serve. Appellant objected to the jury, because the sheriff had not returned them as freeholders, and because the deputy sheriff had no authority to summon a substitute for an absent juror. These objections were overrruled.

Appellant then demanded that the jurors be separately sworn as to their competency to serve, which was also overruled. The

NOTE.—The sheriff may substitute new jurors for those who do not appear. White v. Arthurs, 24 Pa. 96.

jury assessed damages against appellant for $350, and the magistrate awarded a writ of restitution and taxed the costs against this appellant at $65, and he thereupon brought this appeal.

*Bradbury Bedell* for appellant.

*E. Cooper Shapley* for appellee.

PER CURIAM:

The record of the magistrate avers that the jurors were twelve substantial freeholders, and that the sheriff returned to him that he had summoned such. The record further shows that the said freeholders and magistrate found all the facts required by the statute, and that the former assessed the damages.

The apparent omission in the sheriff's return is presumed to have been corrected by sufficient evidence to justify the averment of record.

There is no such irregularity in the substitution by the sheriff of another freeholder in the place of one who failed to appear as to invalidate the proceedings.

Judgment affirmed.